WILLIAM MAYER, JR., CO., INC., Plaintiff, *v.* UNION PARTS MANUFACTURING CO., INC., et al., Defendants.

Supreme Court, Special Term, New York County, December 20, 1946.

*Minot & Zasloff* for defendants.

*Jacob Greenwald* and *Edward J. Gould* for plaintiff.

Pecora, J. Motion for summary judgment dismissing the complaint by defendant, Union Parts Manufacturing Co., Inc., is denied. It is contended that the agreement sued upon is invalid and unenforcible because a contract for contingent fees in connection with the procurement of a government contract by a specific agent is illegal and against public policy. (*Bradley* v. *American Radiator & Standard San. Corp.*, 6 F. R. D. 37. See, also, *Reynolds* v. *Goodwin-Hill Corporation*, 154 F. 2d 553.) However, as alleged in the complaint and bill of particulars, it cannot be said on the affidavits here that the contract sued upon is one which involved the solicitation or procurement of a contract from the government. Plaintiff asserts it was an agreement to furnish information as to government needs and whom to see to procure an order as well as to render certain production services. The interpretation of the contract must await the development of facts upon a trial. In the present state of the pleadings and affidavits, it cannot be held as a matter of law that plaintiff's contract is illegal and against public policy. The other defenses which defendant urges as destroying plaintiff's cause of action are *ultra vires* and that plaintiff, being a foreign corporation, and not licensed to do business in this State, cannot sue here upon the contract. Neither of these defenses is affirmatively pleaded. Unless the answer is amended, it is questionable whether the defenses can be raised. In any event, a claim that a corporation is acting *ultra vires* cannot be raised by one who has received the benefit of the alleged contract. As to the other contention, plaintiff asserts it is not doing business in New York; that the instant contract was an isolated transaction. It is only when a corporation is " doing business " in this State that it cannot maintain a suit on a contract made in New York without prior qualification. Thus a factual issue is raised as to this question.